**Dennis LEE, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Orange County, Town of Chester, Volunteers of America, City College of the City of New York, Defendants–Appellees.**

No. 05–6255.

United States Court of Appeals, Second Circuit.

May 11, 2006.

Dennis Lee, Brooklyn, NY, for Plaintiff, pro se.

Julie Steiner, Assistant Corporation Counsel (Michael A. Cardozo, on the letter brief), Law Department of the City of New York, New York, NY, for the City of New York, Defendant.

Jeffrey A. Kehl, Kehl, Katzive & Simon, LLP, New York, NY, for Volunteers of America, Defendant.

Laura Wong–Pan, Senior Assistant County Attorney (David L. Darwin, County Attorney, on the letter brief), Department of Law of the County of Orange, Goshen, NY, for County of Orange, Defendant.

Daniel J. Chepaitis, Assistant Solicitor General (Eliot Spitzer, Attorney General, Michael Belohlavek, Senior Counsel, on the brief), Office of the Attorney General of the State of New York, New York, N.Y. for City College of the City University of New York, Defendant.

Paul E. Svensson, Boeggeman, George, Hodges & Corde, P.C., White Plains, NY, for Town of Chester, Defendant.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff Dennis Lee appeals from a judgment of the District Court entered October 3, 2005, based on an opinion dated September 22, 2005, dismissing all of Lee's claims against all defendants, denying Lee's motion to recuse Magistrate Judge Kevin Nathaniel Fox, and enjoining Lee from filing any further actions raising "claims that are the same as or similar to the claims presented in the instant complaint without prior court approval." *See Lee v. City of New York*, No. 04 Civ. 2740, 2005 WL 2365320, at *3–*4 (S.D.N.Y.

Sept.22, 2005) (adopting report and recommendation of Magistrate Judge).

We assume the parties' familiarity with the underlying facts and procedural history.

The record reflects that Lee is a profligate filer of *pro se* complaints eventually dismissed for failure to state a claim or for other, similar defects. *See id.* at *1 (collecting examples). Nothing in the record suggests that the District Court erred in finding that Lee has yet again filed a complaint worthy of dismissal. The District Court's injunction should prevent needless further litigation—with its accompanying expense for the defendants—until such time as Lee presents the District Court with cause to grant him leave to file. *See generally, e.g., In re Martin–Trigona,* 737 F.2d 1254, 1264 (2d Cir.1984) (affirming similar, broader, injunction imposing "leave to file" requirement upon serial filer of frivolous litigation).

\*     \*     \*     \*     \*     \*

We have considered all of Lee's arguments and found each of them to be without merit. Substantially for the reasons articulated in the thoughtful opinion of the District Court and in the careful and comprehensive report and recommendation of Magistrate Judge Fox, the judgment of the District Court is **AFFIRMED**.